# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 16-4787

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ELMER SUNDBLAD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. J. Michelle Childs, District Judge. (6:16-cr-00047-JMC-2)

Submitted: July 27, 2017                    Decided: August 17, 2017

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard Elmer Sundblad of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012). The district court sentenced Sundblad to 40 months' imprisonment. In accordance with *Anders v. California,* 386 U.S. 738 (1967), Sundblad's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning generally whether the district court committed reversible error during pretrial proceedings, trial, and sentencing. Although notified of his right to file a pro se brief, Sundblad has failed to do so. We affirm.

We perceive no reversible error in the district court's pretrial proceedings. While the district court denied in part Sundblad's motions in limine to exclude Fed. R. Evid. 404(b) evidence, no prior bad acts evidence was presented at trial. The district court also denied Sundblad's request to admit his wife's notarized statement, finding that it did not meet Fed. R. Evid. 804's requirements. We review a district court's evidentiary rulings under Rule 804 for abuse of discretion. *United States v. Dargan*, 738 F.3d 643, 649 (4th Cir. 2013). We conclude that the district court did not abuse its discretion in excluding the statement in question because it does not fall under any of the exceptions in Fed. R. Evid. 804(b).

The district court denied Sundblad's Fed. R. Crim. P. 29 motions for a judgment of acquittal. We review the denial of a Fed. R. Crim. P. 29 motion and other "challenge[s] to the sufficiency of the evidence de novo." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). In assessing the sufficiency of the

2

evidence, we determine whether there is substantial evidence to support the conviction when "viewed in the light most favorable to the government." *Id.*

"[T]o convict a person of mail fraud or wire fraud, the government must show that the defendant (1) devised or intended to devise a scheme to defraud and (2) used the mail or wire communications in furtherance of the scheme." *United States v. Wynn*, 684 F.3d 473, 477 (4th Cir. 2012). "[A] person is liable under [18 U.S.C.] § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014).

Evidence at trial showed that Sundblad participated in the scheme by filing paperwork to register Upstate Industrial Services, LLC (Upstate), a company that did no work for Griffin Thermal Products (GTP); opening the two post office boxes that received checks from GTP; opening Upstate's bank account; depositing checks from GTP into Upstate's bank account; and spending funds from Upstate's account. Thus, the jury had sufficient evidence to support its guilty verdict.

Finally, counsel does not raise any specific claims regarding sentencing. We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) (2012) for abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) sentencing factors, or failing to sufficiently explain the chosen sentence. *Gall*, 552 U.S. at 51. If the sentence is procedurally

reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Applying this standard, we conclude that the district court imposed a reasonable sentence. The record reveals no procedural sentencing errors, and the court imposed a within-Guidelines sentence, which we presume reasonable absent a rebuttal of that presumption. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sundblad, in writing, of the right to petition the Supreme Court of the United States for further review. If Sundblad requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sundblad.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4